ELLEN GALLAGHER v. THE SISTERS OF THE POOR OF
SAINT FRANCIS OF JERSEY CITY ET AL.

Submitted December 6, 1906—Decided February 25, 1907.

A declaration in which a count in contract against one defendant is joined with counts in tort against other defendants is bad on demurrer.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiff, *Weller & Lichtenstein.*

For the defendant, *Bedle, Edwards & Holmes.*

The opinion of the court was delivered by

GARRISON, J. This is a demurrer to a declaration in an action in tort. The declaration contains a single *ad damnum* clause, which follows averments affecting four several defendants, one only of which, John J. Mooney, has demurred. The defendant the Sisters of the Poor is charged with negligence in caring for the plaintiff at a hospital maintained by it. The defendant Edward F. Fitzgerald is charged with the negligent performance of his duty as resident physician of said hospital, and the same charge is made as to Christopher B. Hill, another interne.

As to John J. Mooney, the defendant who has demurred, the allegations of the *narr.* are that the plaintiff fell in the street and broke her leg; that the defendant, who was a physician and surgeon, was summoned by her for the purpose of having him treat her injuries; that (to use the words of the declaration) "he came and ordered some one there to call an ambulance from St. Francis Hospital aforesaid, against the will and protest of said plaintiff, but upon the assurance of said John J. Mooney that he would follow her right up to said hospital and treat her there for said injuries, she allowed herself to be taken to said hospital in said ambulance, whereupon it became the duty of the said John J. Mooney, and by law he was required to follow said plaintiff to said hospital immediately, and there to use due and proper skill, care and conduct in the discovery and diagnosis of the wounds and injuries of said plaintiff, who had applied to him for medical and surgical treatment for the injuries aforesaid, and to use his best skill and ability toward the treatment of the injuries of said plaintiff, whom he had contracted and undertook to supply with such medical and surgical treatment; yet, disregarding his duty in that behalf, he did not follow said plaintiff to said hospital immediately, and, although she arrived there at about eleven

o'clock in the forenoon, he did not get to said hospital until about four o'clock in the afternoon of said day; that he did not use due and proper skill, care and conduct in the diagnosis, discovery, care and treatment of the aforesaid injuries of said plaintiff, according to said contract and undertaking, nor did he supply her with any surgical or medical treatment whatever, and made no effort to alleviate her suffering."

Assuming that the facts stated support the making of the express contract alleged, the action for its breach must be in contract. The joinder of this cause of action against the demurrant, with the counts in tort against the other defendants, make the declaration bad on demurrer.

Whether, if the action against the demurrant was in tort, the declaration would be bad for misjoinder of actions for distinct causes, need not be decided.

Judgment will be entered for the demurrant.